PEOPLE v. MILITELLO

CRIMINAL LAW—MOTION TO DISMISS—MOTION TO AFFIRM.
> The people's motion to dismiss an appeal from a criminal conviction and to assess damages was treated as a motion to affirm the conviction even though the statement of facts in appellant's brief was biased and misleading because of the constitutional rights to an appeal and the assistance of counsel on appeal and because of the obligation of court-appointed counsel to pursue an appeal as an active advocate for his client (GCR 1963, 816.5, 817.5[3]).

Appeal from Bay, Leon Dardas, J. Submitted Division 3 February 9, 1971, at Detroit. (Docket No. 8375.) Decided April 26, 1971.

William G. Militello was convicted of extortion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Philip R. Sturtz,* for defendant.

<hr>

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 925, 926.

Before: Lesinski, C. J., and Levin and O'Hara,* JJ.

Lesinski, C. J. Defendant was convicted of extortion, contrary to MCLA § 750.213 (Stat Ann 1962 Rev § 28.410). The people have filed a motion to dismiss the appeal and to assess damages pursuant to GCR 1963, 816.5 on the alleged grounds that this is a vexatious proceeding because taken "without any reasonable basis for belief that there was a meritorious issue to be determined on appeal". The people also move to strike the statement of facts in appellant's brief because it allegedly violates the requirements of GCR 1963, 813.2(3).

Because of the constitutional rights to an appeal and to the assistance of counsel on that appeal and the obligation of court-appointed counsel to pursue an appeal as an active advocate for his client, we prefer to treat the people's motion to dismiss under GCR 1963, 816.5 as a motion to affirm pursuant to GCR 1963, 817.5(3). Thus, we have considered the merits of the issue raised on appeal even though we agree with appellee that the statement of facts in appellant's brief is biased and misleading.

It is manifest that the issue raised, on which decision of the cause depends, is so unsubstantial as to need no argument or formal submission. The threats of harm to complainant's person, property, and family in this case were sufficiently real and specific to be prosecuted under the statute.

Motion to affirm is granted.

All concurred.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.